| | | | FILED |
|---|---|---|---|
| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE | 04-06-2021 |
| Isaiah Taylor vs. Justin Schwarzhuber et al | Electronic Filing Notice | | John Barrett<br>Clerk of Circuit Court |
| | Case No. 2021CV002051<br>Class Code: Other-Personal Injury | | 2021CV002051<br>Honorable David Swanson-11<br>Branch 11 |

CITY OF MILWAUKEE, C/O JIM OWCZARSKI
200 E WELLS ST, RM 205
MILWAUKEE WI 53202

PROCESS SERVER [signature]
TIME 2:26 AM/PM DATE 4-12-2021
( ) PERSONAL (X) SUBSTITUTE
( ) POSTED ( ) CORPORATE

Case number 2021CV002051 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: dba120**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4120.

Milwaukee County Circuit Court
Date: April 6, 2021

[Stamp: 2021 APR 12 PM 2:56 CITY CLERK'S OFFICE CITY OF MILWAUKEE]

GF-180(CCAP), 11/2020 Electronic Filing Notice §801.18(5)(d), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.

Case 2:21-cv-00600-LA   Filed 05/12/21   Page 1 of 14   Document 1-2

FILED
04-06-2021
John Barrett
Clerk of Circuit Court
2021CV002051
Honorable David
Swanson-11
Branch 11

STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE COUNTY

ISAIAH TAYLOR,
1518 W Capitol Drive,
Milwaukee, WI 53233,

     Plaintiff,

vs.

JUSTIN SCHWARZHUBER,
749 West State Street,
Milwaukee, WI 53233,

JASEN RYDZEWSKI,
749 West State Street,
Milwaukee, WI 53233,

and

CITY OF MILWAUKEE,
c/o Jim Owczarski,
200 E Wells St, Rm 205,
Milwaukee, WI 53202,

     Defendants.

Case No.: 2021CV00____
Unclassified – 30703
Personal Injury Other – 30107

**SUMMONS**

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within 45 days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is 901 North 9th Street, Milwaukee, Wisconsin 53233, and to

[1 / 13]

Attorney William F. Sulton, Plaintiff's attorney, whose address is GINGRAS THOMSEN & WACHS LLP, 219 North Milwaukee Street, Suite 520, Milwaukee, Wisconsin 53202. You may have an attorney help or represent you.

If you do not provide a proper answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at the law office of GINGRAS THOMSEN & WACHS LLP in Milwaukee, Wisconsin, on this 6th day of April, 2021.

*Electronically signed by*
*Attorney William F. Sulton*
WILLIAM F. SULTON
State Bar No. 1070600

GINGRAS THOMSEN & WACHS LLP
219 N Milwaukee St Ste 520
Milwaukee, WI 53202
414-935-5490 (direct)
414-778-0700 (main)
wsulton@gtwlawyers.com

*Attorneys for Plaintiff,*
*Isaiah Taylor*

FILED
04-06-2021
John Barrett
Clerk of Circuit Court
2021CV002051
Honorable David Swanson-11
Branch 11

STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY

| | |
|---|---|
| ISAIAH TAYLOR,<br>1518 W Capitol Drive,<br>Milwaukee, WI 53233,<br><br>    Plaintiff,<br><br>vs.<br><br>JUSTIN SCHWARZHUBER,<br>749 West State Street,<br>Milwaukee, WI 53233,<br><br>JASEN RYDZEWSKI,<br>749 West State Street,<br>Milwaukee, WI 53233,<br><br>and<br><br>CITY OF MILWAUKEE,<br>c/o Jim Owczarski,<br>200 E Wells St, Rm 205,<br>Milwaukee, WI 53202,<br><br>    Defendants. | Case No.: 2021CV00____<br>Unclassified – 30703<br>Personal Injury Other – 30107<br><br>**COMPLAINT** |

NOW COMES Plaintiff Isaiah Taylor, by his attorneys, the law firm of GINGRAS THOMSEN & WACHS LLP, by Attorney William F. Sulton, and alleges as follows:

### Introduction

1. This action is brought to redress the racial profiling of Plaintiff Isaiah Taylor because he is an African American, in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. On December 21, 2015, at approximately 7:06 p.m., Defendants Justin Schwarzhuber and Jasen Rydzewski, City of Milwaukee peace officers, were patrolling Mr. Taylor's neighborhood. Mr. Taylor ran across the street to deliver a turkey to a

neighbor in need. Officers Schwarzhuber and Rydzewski regarded Mr. Taylor as "suspicious," stopped him, put him in the back of their squad car and interrogated him.

2. Officers Schwarzhuber and Rydzewski's conduct was purposeful and flagrant. Officers Schwarzhuber and Rydzewski conducted a suspicion-less race-based fishing expedition in the hope that something would justify the unlawful stop and detention. This is not the way white people are treated when they walk or run in their neighborhoods.

### The Parties

**A.　Plaintiff**

3. Plaintiff Isaiah Taylor ("Taylor") is an African American man who resides and is domiciled in Milwaukee County, Wisconsin.

**B.　Defendants**

4. Defendant Justin Schwarzhuber ("Ofc. Schwarzhuber") is a City of Milwaukee peace officer. He is a white man. At all times relevant to Taylor's claims, Ofc. Schwarzhuber was acting under of color of law and within the scope of his employment as a City of Milwaukee peace officer.

5. Jasen Rydzewski ("Ofc. Rydzewski") is a City of Milwaukee peace officer. He is a white man. At all times relevant to Taylor's claims, Ofc. Rydzewski was acting under color of law and within the scope of his employment as a City of Milwaukee peace officer.

6.  City of Milwaukee (or "the City") is a municipal entity in the State of Wisconsin. Acting through its Police Department, the City is responsible for the training, supervision, and discipline of its officers, including the defendant officers in this case; adopting, implementing, and enforcing policies and practices; and ensuring that the treatment of people complies with the United States Constitution and other federal, state, and local laws. The City is liable for the harm alleged herein, and pursuant to Wis. Stat. § 895.46(1)(a), the City is required to pay or indemnify all judgments, including compensatory and punitive damages, attorney's fees and costs that may be awarded against its officials, employees, and agents.

## The Facts

7.  On December 21, 2015, at approximately 7:06 p.m., in the City and County of Milwaukee, Taylor ran across a street in his neighborhood to deliver a turkey to a neighbor in need.

8.  As shown in the video footage below, Defendants stopped Taylor, put him in the back of a squad car and interrogated him.[1]

---

[1] Plaintiff incorporates the video footage in the following link:
https://www.dropbox.com/s/ukcpckq5u7ovivx/Body%20Camera%20Footage%201.mp4?dl=0.

[5 / 13]



9.     During the interrogation, Defendants demanded personal identifying information ("PII") from Taylor for the purpose of running a warrants check.[2]

10.    When Taylor asked Ofc. Schwarzhuber why he needed his PII, Ofc. Schwarzhuber stated that he was doing an investigation.

11.    Taylor told Ofc. Schwarzhuber that he was just going across the street to drop off a turkey for a family in need. Ofc. Schwarzhuber replied that he understood.

12.    Ofc. Rydzweski said that "the reason why we stopped you was because you were running."

---

[2] Plaintiff incorporates the video footage in the following link:
https://www.dropbox.com/s/o0oj5pezrtlxrlo/Body%20Camera%20Footage%202.mp4?dl=0.

13. Ofc. Rydzewski admitted "that doesn't mean you were doing anything wrong."

14. Ofc. Rydzewski also said that "we are out here" because there had been robberies in the past and "a lot of them were juveniles."

15. Defendants then proceeded to run a warrants check. The check showed that there were no warrants for Taylor.

16. The City of Milwaukee Police Department issued the following statement to news media:

> After the media brought Senator [Lena] Taylor's concern to the attention of the Milwaukee Police Department, we reviewed the body worn camera footage of the field interview of Senator Taylor's teenage son. The officers were conducting a targeted deployment to address robberies in the areas of the field interview. MPD reached out to Senator Taylor and discussed the circumstances surrounding the officer's lawful field interview.

17. The term "field interview" means a *Terry* stop. *United States v. Smith*, 794 F.3d 681, 686-87 (7th Cir. 2015) ("A 'field interview,' according to the Milwaukee Police Department's Standard Operating Procedure (SOP), is 'the brief detainment of an individual . . . based on articulable reasonable suspicion, for the purposes of determining the individual's identity and resolving the member's suspicions concerning criminal activity.' In other words, it is a seizure (a *Terry* stop, to be precise)." (citation omitted)).

[7 / 13]

## FIRST CLAIM FOR RELIEF
### Racial Profiling
### Violation of Fourteenth Amendment's Equal Protection Clause

18. Taylor incorporates here all other paragraphs in this complaint.

19. Taylor is a member of a protected class because he is an African American.

20. White persons who walk or run in their neighborhoods are not regarded with suspicion, stopped, detained, or interrogated.

21. Defendants treated Taylor differently from white persons because he is an African American.

22. At all times relevant to the events set forth, Taylor had the clearly established constitutional right to enjoy equal protection of the laws and to be free from Defendants' discrimination based on race.

23. Taylor had the clearly established constitutional right to enjoy the equal protection of the laws and to be free from intentional discrimination in the form of arbitrary and irrational treatment that differs from the treatment of similarly situated individuals.

24. Any reasonable law enforcement officer knew or should have known of these clearly established rights.

25. Taylor's race was the primary factor in Defendants' decision to stop, detain, and interrogate Taylor.

26. Defendants' conduct was undertaken with the purpose of, and had the effect of, depriving Taylor of the equal protection and benefits of the law and equal privileges and immunities under the law.

27. Defendants treated Taylor less favorably than similarly situated white persons.

28. Defendants' actions were objectively unreasonable and racist in light of the facts and circumstances before them.

29. There was no rational basis for Defendants' discriminatory actions, let alone a purpose narrowly tailored to serve a compelling government interest.

30. Defendants intentionally, willfully, and wantonly targeted Taylor because of his race and they unlawfully treated him less favorably than individuals who were similarly situated in every material respect.

31. Defendants' unlawful conduct caused Taylor to sustain damages, including, among others, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## SECOND CLAIM FOR RELIEF
### Unreasonable Seizure

32. Taylor incorporates here all other paragraphs in this complaint.

33. At all times relevant to the events set forth, Taylor had a clearly established constitutional right under the Fourth Amendment to be secure in his person against unreasonable seizures.

34. Any reasonable law enforcement officer knew or should have known of this clearly established right.

35. Defendants stopped, detained, and interrogated Taylor absent any reasonable suspicion of criminal wrongdoing.

36. Taylor understood that he was not free to leave or to refuse answering Defendants' questions.

37. At the time Defendants unlawfully seized Taylor to perform a warrants check, they knew they lacked any reasonable suspicion that Taylor had committed a crime.

38. Any reasonable officer knew or should have known that it is clearly established law that officers violate a person's Fourth Amendment's protections from unreasonable searches and seizures when they detain a person to check his license without any evidence that the person is engaged in a crime, and that officers deepens the breach when they prolong the unlawful detention to fish for evidence of wrongdoing.

39. Defendants' conduct was purposeful and flagrant.

40. Defendants' unlawful conduct caused Taylor to sustain damages, including, among others, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

### THIRD CLAIM FOR RELIEF
### Unreasonable Search

41. Taylor incorporates here all other paragraphs in this complaint.

42. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches[.]"

43. In the more than 60 years since the United States Supreme Court's decision in *Terry v. Ohio*, 392 U.S. 1 (1968), the Court has never held that law enforcement officers may compel the production of information without reasonable suspicion of any criminal wrongdoing for the purpose of running a warrant check.

44. The law was clearly established in *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186 (1946), that a compulsory production of private books and papers is a search within the meaning of the Fourth Amendment. *Id.*, (citing *Boyd v. United States*, 116 U.S. 616 (1886)).

45. Defendants compelled information from Taylor and, therefore, unlawfully searched Taylor.

46. At the time Defendants conducted the unlawful search of Taylor, they knew there was no legitimate law enforcement reason for compelling information from Taylor.

47. Defendants' conduct was purposeful and flagrant.

48. Defendants' unlawful conduct caused Taylor to sustain damages, including, among others, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## Relief Requested

49. Taylor respectfully requests that this Court enter judgment for him against the Defendants on each claim and award the following relief:

   a. A declaration that Defendants acted contrary to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution by unlawfully stopping, detaining, and searching Taylor and that those violations were because of Taylor's race.

   b. An order awarding damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other losses in an amount to be determined by a jury.

   c. An order awarding punitive damages in an amount to be determined by a jury.

   d. An order awarding attorneys' fees, experts' fees, and other costs pursuant to 42 U.S.C. § 1988 in an amount to be determined by the Court.

   e. An order for further necessary and proper relief as determined by the Court.

## Demand for Trial by Jury

50. Taylor hereby demands a trial by a jury on all issues of fact and damages stated herein.

Dated at the law office of GINGRAS THOMSEN & WACHS LLP in Milwaukee, Wisconsin, on this 6th day of April, 2021.

*Electronically signed by*
*Attorney William F. Sulton*
WILLIAM F. SULTON
State Bar No. 1070600

GINGRAS THOMSEN & WACHS LLP
219 N Milwaukee St Ste 520
Milwaukee, WI 53202
414-935-5490 (direct)
414-778-0700 (main)
wsulton@gtwlawyers.com

*Attorneys for Plaintiff,*
*Isaiah Taylor*
